**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NALCO COMPANY,** | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** |
| v. | ) | |
| | ) | |
| **UNICELL PAPER MILLS CARIBBEAN** | ) | |
| **LIMITED,** a Trinidad and Tobago corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Nalco Company ("Nalco"), by and through its attorneys, complains of Defendant Unicell Paper Mills Caribbean Limited ("Unicell") as follows:

## NATURE OF THE ACTION

1.     Plaintiff Nalco brings this action against Defendant Unicell for breach of contract for the sale of goods and account stated.

## THE PARTIES

2.     Plaintiff Nalco is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business and worldwide headquarters located at 1601 West Diehl Rd., Naperville, IL 60563.

3.     Defendant Unicell is a foreign corporation with its principal place of business in Arima, Trinidad & Tobago, W.I.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the parties are of diverse citizenship, and the matter, exclusive of interest and costs, exceeds the sum of $75,000.

5.     This Court has personal jurisdiction over Unicell pursuant to the Illinois Long-Arm statute, 735 Ill. Comp. Stat. § 5/2-209(a)(1)(7) and 5/2-209(c), because Unicell negotiated and entered into a contract with a resident of Illinois, Unicell applied for credit from Nalco as more fully described below that was extended from in Illinois, and a material part of the goods at issue originated in Illinois.

6.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7.     Nalco is a water treatment and process improvement company which, among other things, manufactures chemicals used in a variety of industrial spheres, including pulp and papermaking.

8.     Unicell operates a paper mill in Trinidad & Tobago, manufacturing various types of tissue paper products.

9.     In 2006, Unicell began negotiating with Nalco for the purchase of chemicals for use in its paper mill.

10.    Unicell sought to purchase chemicals from Nalco that Nalco would ship from its manufacturing facilities in the United States, including facilities located in this judicial district, to Unicell for use at its plant in Trinidad.  Unicell was told that, if Unicell passed Nalco's credit determination, Nalco would agree to extend its standard 30-day credit terms to Unicell if Unicell

2

agreed to pay the amounts due Nalco at Nalco's bank in Chicago, Illinois, according to the terms of the invoices regularly issued by Nalco for products ordered by Unicell.

11.    Unicell understood that, before Nalco would begin selling chemicals to Unicell, Nalco's credit department in Naperville had to evaluate Unicell to determine whether Unicell was credit-worthy.

12.    To aid in Nalco's credit determination, Brij Sharma, the Group Finance Director of Unicell, sent financial materials from Sharma's office at 725 Primera Blvd., #215, Lake Mary, FL 32746, to Charles E. Pechman, Nalco's US Credit Manager in its Naperville, IL office.

13.    Based upon the information proved by Sharma, Nalco's credit department in Naperville agreed to extend credit to Unicell for the purchase of chemicals on the terms reflected in Nalco's invoices, and Nalco began to sell chemicals to Unicell.

14.    Over the course of two years, Nalco shipped hundreds of thousands of dollars worth of chemicals to Unicell. These chemicals were shipped from various points in the United States, including Naperville, IL; Garyville, IL; Vancouver, WA; Sugar Land, TX; and Ellwood City, PA, through a distribution facility in Trinidad to Unicell's plant in Trinidad.

15.    Nalco shipped conforming goods to Unicell for the agreed-upon price and extended Unicell credit and issued invoices for payment. The invoices stated the parties agreed Illinois law would govern disputes. An example invoice, showing the written terms and conditions of Unicell's purchases, is attached as Exhibit A.

16.    As agreed, Unicell sent payments for the chemicals to Nalco's bank account at JPMorgan Chase in care of the bank's branch in Chicago, IL.

17.    In or about 2007, Unicell ceased making timely payments for the chemicals it purchased from Nalco and began accumulating a balance on its account.

18.     Nalco made continuing efforts to collect payment from Unicell, including proposing payment plans or offering to accept payments on a basis of 50% towards new shipments and 50% towards the account. Unicell failed to make the proposed payments.

19.     On or about September 4, 2008, Nalco made a written demand upon Unicell to pay the $490,278.22 owed on the account for the goods shipped and accepted according to the terms of the parties' contracts. A copy of the demand is attached as Exhibit B.

20.     Unicell acknowledged its debt in an e-mail and proposed paying off the full balance in five monthly installments. A copy of this e-mail is attached as Exhibit C.

21.     Subsequent to Unicell's promise to pay its outstanding balance, Unicell did make some payments to Nalco. Unicell also sought to purchase more chemicals and Nalco sold Unicell two more orders of chemicals on an immediate payment basis while awaiting payment of the amounts previously due.

22.     Unicell, however, after receiving the goods and re-acknowledging its debt to Nalco, failed to make all the payments as it had promised. Nalco received the last of Unicell's payments, through Nalco's collection agency, in or about February of 2009, leaving a total balance due from Unicell to Nalco of $401,536.42. A summary of the account after applying all credits and payments is shown on the Statement attached as Exhibit D.

## COUNT I – BREACH OF CONTRACT

23.     Nalco restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1–22.

24.     To date, Nalco has fully performed all acts and precedent conditions required of it under the terms of its contract with Unicell.

25.     As of the date of this complaint, Unicell has failed to make payments in the amount of $390,278.22, all of which are now overdue.

26.     As a result of this breach, Nalco has suffered damages in the amount of $390,278.22 plus interest and costs.

27.     Nalco is entitled to interest pursuant to the contract in the amount of 1% per month, as shown on the invoice attached as Exhibit A.

WHEREFORE, Plaintiff, Nalco Company, respectfully requests this Court enter judgment in its favor and against Defendant Unicell Paper Mills Caribbean Ltd. in the amount of $390,278.22 plus costs, interest, attorney's fees, and any further relief as this Court deems just and proper.

## COUNT II – ACCOUNT STATED

28.     Nalco restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1–27.

29.     On or about September 4, 2008, Unicell received a written statement of the amount owed on its account to Nalco and, far from protesting its debt, acknowledged the amounts due to Nalco.

30.     After applying all credits and payments, Unicell has failed to pay $390,278.22 owed to Nalco on its account as stated September 4, 2008.

WHEREFORE, Plaintiff, Nalco Company, respectfully requests this Court enter judgment in its favor and against Defendant Unicell Paper Mills Caribbean Ltd. in the amount of $390,278.22 plus costs, interest, attorney's fees, and any further relief as this Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

31.     Nalco restates and incorporates by reference as if fully set forth herein the allegations in paragraphs 1–30.

32.     Subsequent to the September 4, 2008 statement of the account, Unicell agreed to purchase additional chemicals from Nalco that were present on site in Trinidad on a cash-in-advance basis.

33.     Nalco sent two invoices to Unicell for the chemicals in an amount totaling $45,379.45, on or about September 17, 2008 and November 25, 2008.  Copies of these invoices are attached as Group Exhibit E.

34.     Unicell accepted the chemicals but paid Nalco only $34,121.25 of the amount owed.

35.     As a result of this breach, Nalco has suffered damages in the amount of $11,258.20 plus interest and costs.

36.     Nalco is entitled to interest pursuant to the contract in the amount of 1% per month, as shown on the invoices attached as Group Exhibit E.

WHEREFORE, Plaintiff, Nalco Company, respectfully requests this Court enter judgment in its favor and against Defendant Unicell Paper Mills Caribbean Ltd. in the amount of $11,258.20 plus costs, interest, attorney's fees and any further relief as this Court deems just and proper.

By:  /s/ Heather H. Harrison
     One of the Attorneys for Plaintiff
     Nalco Company

Michael Dockterman (3121675)
Heather H. Harrison (6296693)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois  60606-1229
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

Dated: September 8, 2009